UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>SHAWNDALE TYRONE BOYD AND DAMION SLEUGH,<br><br>    Defendants | Case No.: 14-CR-00168 YGR<br><br>**TRIAL SETTING ORDER** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

On January 8, 2015, the Court held a regularly scheduled status hearing. All parties and counsel were present.

The Indictment filed on March 27, 2014 charges Counts One through Five against both defendants for conduct on or about December 22, 2013 and Count Six against Damion Sleugh only for conduct on or about February 13, 2014 as follows:

Count One for conspiracy to distribute/possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846 and 841(a)(1) & (b)(1)(D);

Count Two for attempted possession with intent to distribute marijuana in violation of Title 21 U.S.C. § 846 and 841(a)(1) & (b)(1)(D);

Count Three for robbery affecting interstate commerce in violation of Title 18 U.S.C. § 1951(a);

Count Four for using/carrying a firearm during or in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. §§ 924(c) and 2;

Count Five for use of firearm during drug trafficking crime causing murder in violation of Title 18 U.S.C. §§ 924(j)(1) and 2; and

Count Six for being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1).

At the status conference, the Court set trial in the matter to begin on June 22, 2015, with jury selection to being on June 15, 2015.  Thereafter, the parties discovered a scheduling conflict.  On January 20, 2015, the parties filed a joint Stipulation Re Trial Date. (Dkt. No. 74.)  Based upon the Court's prior discussion with the parties and counsel, and the referenced Stipulation,  and having considered the record in this action, the arguments of all parties, and, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:**   The trial of this matter is scheduled for to begin on July 6, 2015 at 8:30 a.m. in Courtroom 1 of the above-referenced Court.  Parties are advised that jury selection shall occur on June 29, 2015.

2. Trial schedule will be generally as follows, Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Side bars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

3. **Disclosures:**

    a. Pursuant to the parties' agreement, government disclosures regarding expert witnesses and evidence the government seeks to introduce under Federal Rule of Evidence 404(b) will be completed by May 8, 2015;

b. All defense reciprocal disclosures shall be completed by May 15, 2015; and

c. Jencks Act disclosures shall be completed by June 5, 2015.

4. **Pre-Trial Conference:**

    a. A pre-trial conference shall be held on Friday, June 12, 2015 at 9:30 a.m.

    b. The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases. However, the parties shall file the pretrial conference statement addressing all fifteen (**15**) issues identified therein and all related filings by June 5, 2015.

5. **Motions in Limine:**

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

Not less than twenty-one (21) days prior to the pretrial conference, the parties shall serve, **but not file,** motions in limine. Not less than fourteen (14) days prior to the pretrial conference, the parties shall serve any oppositions thereto. The parties shall then meet and confer to resolve the motions. Any motions not resolved shall be filed not less than seven (7) days prior to the pretrial conference. The parties shall submit one JOINT CHAMBERS set including collating the motion with the respective opposition. The proponent of the motion shall also submit a COMPREHENSIVE proposed form of order summarizing each motion and the requested relief.

Court hereby orders that witnesses shall be excluded until testimony is completed. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Exhibits and Exhibit Lists:**

No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

To the extent agreed upon, the parties shall file Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. When printing and providing these documents to the Court, please use the "portrait" orientation only. (Do not use "landscape" orientation.) A sample format is provided below:

| Ex. No. | Description | Sponsoring Witness | Stipulation to Admit | Objection | Date Admitted |
|---------|-------------|--------------------|-----------------------|-----------|---------------|
|         |             |                    |                       |           |               |
|         |             |                    |                       |           |               |
|         |             |                    |                       |           |               |

A binder of anticipated exhibits shall be provided to the Court no later than seven (7) days prior to the pretrial conference. Physical evidence must also be pre-marked. For purposes of the Court's binder of anticipated exhibits, a picture of any physical evidence should be taken and placed in the binder.

Parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections. For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.* Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F. Further, to the extent that the evidence are voluminous records, the Court may not need a copy set of the entire exhibit and will

4

consider proposals for reducing the amount of paper necessary to be included, including use of digital forms of media and/or summaries.

7. **Equipment:** Computers, projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so. Marshals require court order to allow equipment. Any party needing such an order must file a request and proposed order.

8. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure.

9. **Speedy Trial Act:** The court finds that the ends of justice served by excluding time through June 29, 2015 outweigh the best interests of the public and the defendant in a speedy and public trial. The exclusion is necessary to accommodate counsel's preparation efforts. It is therefore hereby ORDERED that time until June 29, 2015 shall be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and 18 U.S.C. §3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

Dated: January 20, 2015

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**