United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.  14-cr-00168-YGR |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO DISMISS; MOTION TO SEVER** |
| **SHAWNDALE TYRONE BOYD AND DAMION SLEUGH,** | |
| Defendants. | |

The United States of American brings this criminal action against Defendants Shawndale Tyrone Boyd ("Boyd") and Damian Sleugh ("Sleugh") (collectively, "defendants") charging defendants with:  conspiracy to distribute marijuana (Count One), attempting to possess with the intent to distribute marijuana (Count Two); committing robbery that affects interstate commerce (Count Three); using, carrying, brandishing and discharging a firearm during and in relation to a drug crime and crime of violence (Count Four); and causing a death during the course of the crimes charged in counts 1 through 3 (Count Five).  The indictment also charges Mr. Sleugh only with unlawfully possessing a firearm (Count Six).

Defendant Boyd has filed a motion to dismiss count one of the indictment, conspiracy to distribute marijuana on the grounds that the indictment did not contain an adequate statement of the facts underlying the charge, in which defendant Sleugh has joined.  (Dkt. No. 65 ("MTD"); Dkt. No. 66.)  Defendant Boyd has also filed a motion for severance on the grounds that his codefendant, Sleugh, made statements in recorded telephonic conversation concerning a "robbery gone bad" and that he told Boyd that they should stay away from one another.  (Dkt. No. 64 ("MTS"); Dkt. No. 70 ("Reply to MTS").)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion to dismiss and **DENIES** the motion to sever.

### MOTION TO DISMISS

At issue in Boyd's motion to dismiss is the sufficiency of Count One of the indictment. In that count, the government charges both Boyd and Sleugh with conspiring to distribute marijuana (Count One). Count One alleges the following:

> Between a date unknown to the Grand Jury and continuing up to at least on or about December 22, 2013, in the Northern District of California, the defendants, Shawndale Tyrone Boyd and Damion Sleugh, unlawfully, knowingly, and intentionally conspired to distribute and possess with intent to distribute a Schedule 1 controlled substance, to wit, mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(D). All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) & (b)(1)(D).

Boyd contends that the conspiracy alleged in Count One thus does not include a start date or a certain end date, nor does it allege any overt acts. (MTD at 4.)

### 1. Legal Standard

Federal Rule of Criminal Procedure 7(c) sets forth the requirements for what must be contained in an indictment.

> **(1) In General.** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that[*] section 3282.
> **(2) Citation Error.** Unless the defendant was misled and thereby

United States District Court
Northern District of California

2

> prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.

Fed. R. Crim. P. 7.

An indictment is typically sufficient if it sets forth the elements of the charged offenses. *United States v. Fernandez*, 388 F.3d 1199, 1217–20 (9th Cir. 2004). In considering a motion to dismiss an indictment, the Court may not look beyond "the four corners of the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). An indictment is sufficient to withstand a defendant's motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted). The Ninth Circuit has instructed that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (citing *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999)).

### 2. Analysis

Here, the Court finds that the indictment provides sufficient clarity to protect Boyd's rights. Count One of the indictment itself provides clarity of what exactly the conspiracy allegedly concerned and the end date (December 22, 2013),[1] it identifies by name specifically the co-conspirators, and it includes the type of the drug at issue. In light of the fact that Count One of

---

[1] Defendant's contention that the phrase "up to at least on or about December 22, 2013" is not sufficiently limiting is unpersuasive. Unlike the phrasing "until or after," *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), or "including on or about," *United States v. Laykin*, 886 F.2d 1534 (9th Cir. 1989), here the inclusion of a specific date, coupled with the phrase "at least on or about" sets a reasonable timeframe and provides sufficient parameters on the conspiracy alleged. Reading Count One as a whole, it is apparent that the conspiracy concluded at or near December 22, 2013 even if defendants may have engaged in certain alleged actions to cover-up the same later. Count One cannot be fairly construed as unbounded in time. The limited nature of the phrase "up to at least on or about December 22, 2013" is made all the more apparent upon reading the indictment as a whole, which is concerned with an alleged drug deal/robbery gone bad on December 22, 2013.

the indictment is tied expressly to a precise date, December 22, 2013, and that the events that allegedly occurred on that date are no mystery to defendants, the Court finds that Count One provides sufficient clarity enable defendants to prepare a defense and avoid double jeopardy.

Furthermore, the additional counts further reinforce that Count One is directed to a conspiracy to distribute marijuana relating to, and culminating in, the alleged robbery and killing. Reading the whole document with a view toward common sense, it is clear that Count One is directed to the conspiracy between the two defendants to engage in the sale of marijuana on or about December 22, 2013.

Defendant's reliance on *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1159 (9th Cir. 2004) is unpersuasive. There, the government was attempting to increase one count in the indictment from a misdemeanor to a felony—to alter substantively the nature of the crime charged and the consequences of a conviction—where that count in the indictment did not sufficiently provide notice that the charge could be a felony. The indictment did not make clear that a conviction on one charge would elevate a second charge to a felony, putting defendant at an obvious disadvantage in terms of notice and defense preparation. That is not the case here, where the events underlying the indictment in total, and as stated in Count One specifically, are well-understood by all parties.

So, too, is defendant's reliance on *United States v. Cooper*, No. CR 09–00156 SI, No. CR 13–00693 SI, 2014 WL 3784344 (N.D. Cal. 2014) unpersuasive. There, the indictment lacked sufficient detail regarding when the conspiracy took place because the time frame was open ended in both directions, the identity of the co-conspirators was not included, and facts regarding what they were alleged to have done. *Cooper*, 2014 WL at *4. Although defendants suggest that the lack of a clear end date was a sufficient reason for the court in *Cooper* to find the indictment lacking, the Court has reviewed this case and finds that there, the indictment's many deficiencies, particularly the lack of any identified co-conspirators, in conjunction, combined with the Government's failure to remedy any of these deficiencies when filing a second superseding indictment, formed the basis for the ultimate dismissal of the count at issue. Those circumstances are not present here. As set forth above, the alleged co-conspirators are identified by name, a date

United States District Court
Northern District of California

4

certain is identified, and the count read in the context of the entire indictment makes clear that defendants' alleged conspiracy concerned the sale of marijuana that took place on or about December 22, 2013.  There can be no argument that defendant has not been provided an opportunity to prepare a defense, or that he will be subject to double jeopardy.

Finally, defendants' argument that an overt act need be alleged in Count One does not persuade.  Indeed, in what appears to be a concession, defendant does not argue the point further in his reply briefing.  (*See generally*, Dkt. No. 71.)  Regardless, proof of an overt act is not required to establish a violation of 21 U.S.C. § 846.  *United States v. Shabani*, 513 U.S. 10, 17 (1994).  And for the reasons set forth above, the Court finds that Count One is sufficiently definite.  The motion to dismiss is **DENIED**.

## MOTION TO SEVER

At issue in Boyd's motion to sever is his contention that his defense will be incompatible with what he infers will be Sleugh's defense, and that Sleugh's statements to his girlfriend made while he was incarcerated present a *Bruton* issue.  The Court first reviews the relevant legal standards on motions to sever, and then considers the specific theories offered by Boyd in turn.

### 1.  Legal Standard for Motion to Sever

Under Federal Rule of Criminal Procedure 8(b), "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  When defendants are indicted together, the federal system evinces a preference for joint trials.  *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Lane*, 474 U.S. 438, 449 (1986) (recognizing that joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)).  Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" must the Court grant severance.  *Zafiro*, 506 U.S. at 539.  Neither a joint trial with more culpable codefendants nor an improved possibility of acquittal in a separate trial is sufficient by itself to warrant severance.  *Fernandez*,

United States District Court
Northern District of California

388 F.3d at 1241 (citing *United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).  A joint trial is "particularly appropriate where co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials."  *Fernandez*, 388 F.3d at 1242.

Nonetheless, despite the propriety of joinder under Rule 8(b), a court may order severance if it finds sufficient prejudice exists to one or more of the defendants.  Thus, Federal Rule of Criminal Procedure provides:

> If the joinder of . . . defendants . . . for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.  In light of that legal framework, the Court now turns to the basis for the motion to sever.

### 2. *Bruton* Rule

A defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant.  *See Bruton*, 391 U.S. at 126, 136–37.  Under *Richardson v. Marsh*, 481 U.S. 200 (1987), the *Bruton* rule is limited to confessions of a non-testifying codefendant that are facially incriminating of another defendant.  Here, defendant's motion focuses on the anticipated proffer of the following statement recorded while Sleugh was incarcerated and speaking on the telephone with his girlfriend Asia Lee: [2]

> [Sleugh]: But after that they did go on, after that de yout[h] get fired, me did tell him keep you distance from me cause I don't love you no more, I don't wanna fuck you no more cause your pussy stink so

---

[2] Although defense counsel's briefing appears to take issue with several statements, including statements made to the police by Sleugh, at the hearing on this motion counsel identified expressly the single statement that forms the basis for the instant Bruton argument, wherein Sleugh was speaking on the phone with his girlfriend.  (Tr. 15:19-16:20.)

keep your distance from me bitch. That's why you notice me and her wasn't really hanging out, we weren't going to Miami no more, we wasn't going to New York no more. I just stop fucking with the bitch for a little bit. I started lying to her. She would call me like "baby can I come over"

[Lee]: (laughs)

[Sleugh]: And I would be like nah, I'm hanging with my other bitch or I'm waiting for my other girl to get off work. I just kind of like drifted her away from me a little bit cause if anything happened with her and her husband I didn't want to get involved with that."

The Court finds that the statement at issue is not so "powerfully incriminating" that it falls within the scope of *Bruton*. Importantly, the statement here is not directly incriminatory. Unlike the statements at issue in *Bruton* and *Richardson*, it is not a confession directly referring to Boyd.[3] Moreover, it does not implicate Boyd expressly. Rather, the statement here was an allegedly coded statement that Sleugh made to his girlfriend in which Boyd is not mentioned at all. The drug deal and killing are not discussed explicitly, and the all references Sleugh made, which Boyd claims relate to him, use feminine pronouns and refer to the individual (allegedly Boyd), as a woman. Thus, it is not facially incriminating in the way that *Bruton* forbids; several inferential leaps must be made in order for the statement to be incriminating at all.[4] Notably, Boyd acknowledges that the jail recordings of which the relevant statement is a part are "vague and

---

[3] The seminal *Bruton* cases cited by Boyd pertain to circumstances involving *confessions*, statements given to law enforcement relating directly to the declarant's guilt. *See Bruton*, 391 U.S. at 126, 135–36; *Richardson*, 481 U.S. 200; *Gray v. Maryland*, 523 U.S. 185, 190 (1998); *Mason v. Yarborough*, 447 F.3d 693, 697 (9th Cir. 2006) (Wallace, J., dissenting) (noting that Fenton's confession was not admitted into evidence).

[4] Moreover, although Boyd argues that his Sixth Amendment rights would be violated by the admission of Sleugh's coded statement to his girlfriend, Boyd has not established (and the Court is doubtful) that the statement itself is testimonial in nature. *Bruton* concerned fundamentally testimonial and highly prejudicial, facially incriminating statements. The Supreme Court thus found that statements of this nature constituted just such a "powerfully incriminating extrajudicial statemen[t]," and that the introduction of such into evidence, insulated from cross-examination, violated Bruton's Sixth Amendment rights. *Bruton*, 391 U.S. at 135; *see also Gray*, 523 U.S. at 190. Statements to law enforcement, as in the case of *Bruton*, are of a testimonial nature and thus trigger the Sixth Amendment. No party has briefed whether statements to one's girlfriend qualify as such, and the Court is not willing to assume as much.

7

1   often subject to interpretation." (MTS at 2.) Thus, on the record before the Court, the motion to

2   sever on this basis is **DENIED**.

3        **3.  Mutually Antagonistic Defenses**

4        In some circumstances, "mutually antagonistic" or "irreconcilable" defenses may be so

5   prejudicial as to mandate severance. *Zafiro*, 506 U.S. at 538 (citations omitted). "Mutually

6   exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for

7   the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) (citing

8   *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988)). "The prototypical example is a trial in

9   which each of two defendants claims innocence, seeking to prove instead that the other committed

10   the crime." *Tootick*, 952 F.2d at 1081 (citing *United States v. Holcomb*, 797 F.2d 1320, 1324 (5th

11   Cir. 1986)). The Ninth Circuit has instructed that "[m]utual exclusivity may exist when "only one

12   defendant accuses the other, and the other denies any involvement." *Tootick*, 952 F.2d at 1081

13   (citing *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984)). For a proclamation of

14   innocence to constitute an accusation, the facts of the dispute must be closed in a fashion that does

15   not suggest the intervention of some unknown actor.

16        However, "mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14

17   does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to

18   be granted, if any, to the district court's sound discretion. *Zafiro*, 506 U.S. at 538–39 (citing *Lane*,

19   474 U.S. at 449, n. 12; *Opper v. United States*, 348 U.S. 84, 95 (1954)). As the Supreme Court

20   indicated in *Richardson,* less drastic measures than a severance, such as limiting instructions,

21   often will suffice to cure any risk of prejudice. *Zafiro*, 506 U.S. at 539 (citation omitted).

22        Here, Boyd argues that he and the co-defendant will present mutually antagonistic

23   defenses. By definition, the Court must consider both defenses. On the one hand, Boyd submits

24   that he intends to argue that co-defendant Sleugh acted alone and without his knowledge in

25   planning to rob and kill the decedent. However, he does not go so far as to indicate that he has

26   any direct knowledge of these events. Rather, it appears that the defense will be that, to the extent

27   Sleugh is in fact guilty, he acted alone and without Boyd's knowledge. On the other hand, Boyd

28   then speculates that Sleugh will argue that he was not present for, nor involved in, the robbery and

United States District Court
Northern District of California

8

killing, *i.e.* that Sleugh is denying the allegations.  (Reply to MTS at 7.)  Accordingly, at this juncture, there is no mutually antagonistic defense.  Sleugh denies the allegations and Boyd has no knowledge of the events.  Accordingly, the motion to sever on this basis is **DENIED**.

**CONCLUSION**

Accordingly, the motions to dismiss and to sever are **DENIED**.

This terminates Docket Nos. 64, 65.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

United States District Court
Northern District of California