UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **DAMION SLEUGH**, <br> Defendant. | Case No. 14-cr-00168-YGR-2 <br><br> **ORDER DENYING MOTIONS FOR ACQUITTAL** <br><br> Re: Dkt. No. 159 |

Defendant Damion Sleugh was indicted on six counts: (1) conspiracy to distribute/possess with intent to distribute marijuana; (2) attempted possession with intent to distribute marijuana; (3) robbery affecting interstate commerce; (4) using/carrying a firearm during or in furtherance of a drug trafficking crime; (5) use of a firearm during a drug trafficking crime causing murder; and (6) felon in possession of a firearm. (Dkt. No. 1.) Co-defendant Shawndale Boyd was charged with the first five counts. (*Id*.) Boyd entered into a plea agreement with the government to offer testimony at trial. Following a two-week trial, the jury returned a verdict of guilty on all counts as to defendant Sleugh, with a special finding of first-degree murder on count five. (Dkt. No. 146.) Defendant Sleugh now renews his motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. (Dkt. No. 159.) Defendant Sleugh originally moved for acquittal under Rule 29 at the close of the government's case-in-chief and again at the close of evidence prior to the case being submitted to the jury. The Court reserved judgment pursuant to Rule 29(b). As such, the first motion must be decided solely in light of the evidence presented during the government's case-in-chief. *See* Fed. R. Crim. P. 29(b). The subsequent motions shall be decided in light of all of the evidence presented at trial.

Rule 29(c) provides as follows:

>After Jury Verdict or Discharge.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Fed. R. Crim. P. 29(c).

Defendant Sleugh argues there was insufficient evidence introduced at trial to support the jury's verdict, in particular the special finding of first-degree murder. "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (noting "[t]his same test applies to both jury and bench trials").

Having carefully considered the papers submitted, the record in this case, and the arguments of counsel, the Court **DENIES** defendant Sleugh's Rule 29 motions for acquittal. The Court rejects defendant Sleugh's contention that the evidence in the case was insufficient to allow a rational trier of fact to convict him on all counts and to reach its special findings. To the contrary, substantial evidence introduced at trial—during the government's case-in-chief alone and also during the defense case—establish reasonable grounds for the jury's verdict. For instance, Boyd testified that Sleugh admitted to the shooting; a cell phone video showed Sleugh posing with what appeared to be a firearm consistent with the murder weapon; jail house recordings provided a motive for the murder; cell site data placed Sleugh at the scene of the murder at the time in question; and Sleugh took a photograph of himself mere hours after the murder, in the car seat in which the victim had apparently been sitting when shot. Reasonable grounds for a conviction on counts one through five were similarly established by Boyd's testimony, text messages, the jail house recordings, and significant other evidence. Count six—felon in possession—was effectively conceded by defendant Sleugh at trial and similarly

supported by substantial evidence.  Moreover, defendant Sleugh's testimony lacked credibility, particularly his assertion that a third party was wholly responsible for the shooting, while Sleugh merely sat in the back seat of the vehicle.  To the contrary, video surveillance footage and cell site data suggested the third party had already left the scene.

This Order terminates Docket Number 159.

**IT IS SO ORDERED.**

Dated: October 15, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**