1

2

3

4                                      UNITED STATES DISTRICT COURT

5                                     NORTHERN DISTRICT OF CALIFORNIA

6

7    USA,                                          Case No.  14-cr-00168-YGR-2   (DMR)

                    Plaintiff,
8
                                                   **ORDER ON ADMINISTRATIVE**
9            v.                                    **MOTION FOR DISCLOSURE OF**
                                                   **SEALED MATERIALS TO APPELLATE**
10   Damion Sleugh,                                **COUNSEL**

                    Defendant.                     Re: Dkt. No. 210
11

12           Defendant and Appellant Damion Sleugh filed an administrative motion for an order

13   authorizing the disclosure to his appellate counsel of all materials filed under seal in this case.

14   [Docket No. 210 (Mot.).]  The government does not oppose the disclosure of any materials it filed

15   under seal.  Balogh Decl., May 13, 2016, ¶ 2.  However, Shawndale Boyd, who was Sleugh's co-

16   defendant, opposes the motion.  Boyd argues that the ex parte applications for Federal Rule of

17   Criminal Procedure 17(c) subpoenas that he filed under seal should remain under seal and should

18   not be disclosed to Sleugh's counsel.  [Docket No. 214 (Opp'n).]  Boyd does not oppose the

19   unsealing of the court orders on his applications and the corresponding subpoenas.  [Docket No.

20   221.]  For the following reasons, Sleugh's motion for disclosure of materials that the government

21   filed under seal is granted as unopposed.  Similarly, Sleugh's motion is granted as unopposed to

22   the extent it seeks disclosure of the subpoenas requested by Boyd, and the court orders regarding

23   those subpoenas.  However, Sleugh's motion for disclosure of Boyd's ex parte subpoena

24   applications is denied.

25   **I.       BACKGROUND**

26           In 2014, Sleugh was charged in this district with six counts, including use of a firearm

27   during a drug trafficking crime causing murder.  [Docket No. 1 (Indictment).]  Boyd was also

28   charged with use of a firearm during a drug trafficking crime causing murder, plus four additional

United States District Court
Northern District of California

1  counts.  *Id*.  Boyd pleaded guilty to four counts and the government dismissed the murder charge.

2  Boyd subsequently testified at trial against Sleugh.  [Docket No. 183 (Boyd Judgment).]  In July

3  2015, a jury found Sleugh guilty of all counts.  [Docket No. 146.]  Sleugh was sentenced in

4  November 2015.  [Docket No. 175 (Sleugh Judgment).]

5      During the course of Boyd's investigation of the charges, Boyd's counsel submitted

6  numerous applications for the issuance of subpoenas pursuant to Federal Rules of Criminal

7  Procedure 17(b)[1] and 17(c) and Criminal Local Rule 17-2(a)(1).  Criminal Local Rule 17-2(a)

8  states that a court order is required to issue a Rule 17(c) subpoena.  It provides that a party may

9  obtain the issuance of a subpoena by filing either a noticed motion or, "for good cause, an *ex parte*

10  motion without advance notice to the opposing party."  Crim. L.R. 17-2(a)(1).  Any party seeking

11  a subpoena must support its request with a declaration "specifying the facts supporting the

12  issuance of the subpoena."  *Id*.  Under Local Rule 17-2(a)(1), "[a]n *ex parte* motion and order

13  thereon may be filed under seal for good cause."

14      Through the subpoenas, Boyd sought the production of specific documents and

15  information that he claimed were relevant and material to his defense.  Boyd filed the Rule 17(c)

16  applications ex parte and requested that they be filed under seal pursuant to Criminal Local Rule

17  17-2(a)(1).  The court granted the applications and sealing requests, and Boyd's applications and

18  the corresponding orders were sealed by the court.[2]  Sleugh now moves for an order authorizing

19  the disclosure of the sealed materials to Sleugh's appellate counsel on an attorneys' eyes only

20  ("AEO") basis for the purpose of prosecuting his appeal.  He does not challenge the initial sealing

21  of these materials nor does he seek public disclosure.  Boyd opposes the motion.

---

[1]  Rule 17(b) provides that "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.  If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas."  This procedure "was added to Rule 17(b) so that indigent defendants would be on the same footing as other defendants and the government when deciding whether to apply for a subpoena for production at trial."  *United States v. Tomison*, 969 F. Supp. 587, 590 n.5 (E.D. Cal. 1997).

[2]  The applications and corresponding orders were docketed at the following entries: Docket Nos. 17-30, 32-34, 36-37, 42-45, 57-60, and 79-82.

United States District Court
Northern District of California

United States District Court
Northern District of California

Sleugh argues that his appellate counsel has a duty to investigate the entire district court record, and that court proceedings and records are presumptively open to the public.  He contends that Boyd bears a heavy burden to justify the continued sealing of the documents at this juncture, arguing that any privilege or protection over the documents has been waived, and there is no longer any need to protect Boyd's trial strategy because Boyd has already waived his right to trial, pleaded guilty, and testified against Sleugh.

Boyd disputes Sleugh's right to gain access to certain materials that Boyd filed under seal. He contends that in order to obtain the subpoenas, his counsel was required to submit applications setting forth the materials sought and their relevance to Boyd's defense.  This required disclosure of Boyd's "defense theories, investigation, work product, and potentially privileged information." Opp'n at 4.  Boyd argues that while Sleugh is entitled to challenge any ex parte evidence which forms the basis for Sleugh's conviction, Sleugh has no due process, common law, or statutory right to his co-defendant's theories, confidential communications, work product, or investigation.

On December 7, 2016, in response to a court order, Boyd submitted a statement confirming that he does not object to unsealing the court orders on the Rule 17(c) applications and the corresponding subpoenas.  [Docket Nos. 220, 221.]  Sleugh submitted a response to Boyd's statement on the same day in which he repeats his argument that the applications and court orders should be provided to his appellate counsel.  [Docket No. 222.]

## II.    DISCUSSION

 "A criminal defendant has both a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment, and a Sixth Amendment right to process."  *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (citations omitted).  "Rule 17(c) implements both the right to obtain the evidence and to require its production."  *Id*. (citations omitted).  Under Rule 17(c), a party may subpoena a witness to produce "any books, papers, documents, data, or other objects the subpoena designates."  Fed. R. Crim. P. 17(c)(1).

The proponent of a Rule 17(c) pretrial subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity."  *United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981).  The proponent must also show that

3

the materials sought "are not otherwise procurable reasonably in advance of trial by exercise of due diligence," that "the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial," and that "the application is made in good faith and is not intended as a general 'fishing expedition.'"  *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338) (S.D.N.Y. 1952)).

Rule 17 can present unique challenges for criminal defendants.  In order to exercise the right to pre-trial production of third-party evidence, a criminal defendant must demonstrate relevance, specificity and admissibility, but in so doing, may well be forced to reveal defense strategy.  The *Tomison* court grappled with this tension in determining whether Rule 17(c) authorizes a district court to consider an ex parte application for a pre-trial subpoena.  After analyzing the text of Rule 17 and finding that it did not resolve the question, the court examined the rule's purpose.  The court addressed the inherent conflict faced by criminal defendants in applying for Rule 17(c) subpoenas, and concluded that the rule allows for submission of supporting information to the court in secrecy:

> Since a defendant seeking pre–trial production must make a demonstration of relevancy, admissibility and specificity, *see Nixon,* 418 U.S. at 700, 94 S.Ct. at 3103–04, requiring that defendant share the showing with the government would effectively force the defendant to reveal his or her theory of the case.  *See Reyes,* 162 F.R.D. at 470.  As Judge Payne observed, "[f]orcing any defendant to confront the choice between issuing a pre–trial subpoena duces tecum and disclosing his defense to the government places an unconstitutional limitation on the defendant's right to compulsory process."  *Beckford, supra* at 1027.  Thus, the need to preserve a defendant's constitutional right to obtain and use relevant evidence suggests that Rule 17(c) affords the defendant the right to pre–trial production in secrecy.  *See, e.g., Jenkins,* 895 F.Supp. at 1397 (holding that secrecy is necessary until court reaches its decision on whether to produce documents).

*Tomison*, 969 F. Supp. 587, 593–94.  *See also United States v. Jenkins*, 895 F. Supp. 1389, 1397 (D. Haw. 1995) (holding that Rule 17(c) permits ex parte applications, noting that "[j]ust because the decision to allow pretrial production is left to the court does not mean that it should be heard in an adversary proceeding.").

Sleugh avoids addressing the standards applicable to Rule 17(c) subpoenas or Criminal

4

1   Local Rule 17-2(a)(1), and fails to grapple with the unique justification for allowing criminal

2   defendants to file ex parte sealed affidavits in support of requests for issuance of pretrial

3   subpoenas as discussed in *Tomison*.  Sleugh instead urges the court not to "adopt Boyd's myopic

4   focus on Rule 17 subpoenas," (Reply at 2), and argues that his appellate counsel has a duty to

5   investigate "the entire district court record."  Mot. at 2.  However, neither of the cases cited by

6   Sleugh come close to addressing a criminal defendant's right to access documents filed under seal

7   by a co-defendant.  *See Ellis v. United States*, 356 U.S. 674, 675 (1958) (counsel's leave to

8   withdraw may be granted and in forma pauperis defendant's leave to appeal may be denied "[i]f

9   the court is satisfied that counsel has diligently investigated the possible grounds of appeal");

10   *Hardy v. United States*, 375 U.S. 277, 280 (1964) (court-appointed appellate counsel cannot

11   "faithfully discharge the obligation which the court has placed on him unless he can read the entire

12   [written] transcript").

13         Sleugh next argues that "[*i*]*n camera* proceedings excluding the defense 'are anathema in

14   our system of criminal justice, and in the context of a criminal proceeding, may amount to a denial

15   of due process.'"  Mot. at 2 (citations omitted).  Again, the cases cited by Sleugh do not discuss

16   whether a criminal defendant has a due process right to a co-defendant's sealed ex parte Rule

17   17(c) applications.  Rather, they address whether the government is permitted to present evidence

18   or argument against a criminal defendant in camera.  *See United States v. Thompson*, 827 F.2d

19   1254, 1258-59 (9th Cir. 1987) (holding that district court violated defendant's due process right by

20   conducting an in camera, ex parte proceeding in connection with defendant's *Batson* challenge);

21   *Chambers v. Florida*, 309 U.S. 227, 237 (1940) (noting that "[t]he determination to preserve an

22   accused's right to procedural due process sprang in large part from knowledge of the historical

23   truth that the rights and liberties of people accused of crime could not be safely entrusted to secret

24   inquisitorial processes."); *United States v. Abuhamra*, 389 F.3d 309, 330-31 (2d Cir. 2004)

25   (addressing "whether a district court may rely on evidence submitted by the government *ex parte*

26   and *in camera* to deny bail.").  Here, Sleugh is not seeking access to evidence or information that

27   the government used against him.  Instead, he seeks Rule 17(c) applications in which his co-

28   defendant's counsel was required to disclose the theory of his co-defendant's case and

5

investigation.  *See Tomison*, 969 F. Supp. at 591 n.8 (since documents filed by a defendant seeking a subpoena "must demonstrate relevancy, specificity, and admissibility, [they] inevitably lay out the defendant's entire case as it stands at the time the subpoenas are sought." (citation omitted)).

Sleugh next asserts that under the First Amendment and the common law, court proceedings and records are presumptively open to the public.  He argues that he is thus "entitled to a presumption of entitlement to disclosure," and that Boyd bears the burden to "present facts supporting closure and to demonstrate that available alternatives will not protect his rights."  Mot. at 2-3, 6 (quoting *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1467 (9th Cir. 1990)).  Sleugh is only partially correct, as there is "no right of access which attaches to all judicial proceedings, even all criminal proceedings."  *Phoenix Newspapers, Inc. v. United States Dist. Court*, 156 F.3d 940, 946 (9th Cir. 1998).  "Thus, although we begin with the 'presumed right of access to court proceedings and documents,' . . . the United States Supreme Court has articulated a two-part test, known as the 'experience and logic' test, for determining whether a right of access attaches to a particular kind of hearing."  *Id.* (quoting *Oregonian*, 920 F.2d at 1465); *see also In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 373 (9th Cir. 2001) ("[t]he right 'to inspect and copy judicial records is not absolute.'" (quoting *Nixon v. Warner Commc'ns*, 435 U.S. at 589, 598 (1978))).

In other words, to qualify for a presumption of disclosure, Sleugh must first establish through application of the "experience and logic" test that a right of access attaches to sealed ex parte Rule 17(c) affidavits.  If such a right attaches, then the burden shifts to Boyd to present facts to overcome the presumption of disclosure.[3]  The "'experience' prong of the test questions 'whether the place and process have historically been open to the press and general public, while the second element inquires 'whether public access plays a significant positive role in the functioning of the particular process in question.'"  *Phoenix*, 156 F.3d at 946 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)).  "If a proceeding fulfills both parts of the test, a qualified First Amendment right of access arises, to be overcome 'only by an overriding

---

[3] Sleugh completely ignores the "experience and logic" test, even though it is discussed at length in at least one of the cases that he cites in support of his position.

1   interest based on findings that closure is essential to preserve higher values and is narrowly

2   tailored to serve that interest.'"  *Id*. (quoting *Press-Enterprise*, 478 U.S. at 9-10); *Oregonian*

3   *Publ'g Co.*, 920 F.2d at 1466.

4            The Ninth Circuit regularly has applied the "experience and logic" test to determine

5   whether a presumed right of access extends to documents related to criminal proceedings.  *See,*

6   *e.g., Oregonian*, 920 F.2d at 1465-66 (public has qualified right of access to plea agreements and

7   related documents); *Phoenix*, 156 F.3d at 947-49 (public has qualified right of access to transcripts

8   of closed hearings held during jury deliberations in criminal trial); *In re Copley*, 518 F.3d at 1026-

9   28 (while public has qualified right of access to plea colloquy transcript, public has no First

10  Amendment right to access transcripts of closed portions of hearings on motions to seal plea

11  proceedings and declarations and documentation appended to government's motion to seal).

12           It does not appear that the Ninth Circuit has addressed whether the public has a First

13  Amendment or common law right of access to ex parte Rule 17(c) applications.  In *Tomison*, the

14  court discussed its disagreement with an earlier decision holding that "the public's right to access

15  to the courts militates against ex parte applications under Rule 17(c)."  969 F. Supp. at 595 (citing

16  *United States v. Urlacher*, 136 F.R.D. 550, 556-58 (W.D.N.Y. 1991)).  The court noted that the

17  "pre-trial production process . . . hardly fits as an historically open proceeding," and that "there is

18  no public right of access to a criminal defendant's trial strategy."  *Id*.  It continued, stating that the

19  "right of access is only presumptive and not absolute; it may be outweighed when the court finds

20  that disclosure is necessary to preserve overriding rights of criminal defendants," and found that

21  the public right of access is "insufficient to deny the defendant the opportunity to proceed ex parte

22  under Rule 17(c) where the court finds that an ex parte application is necessary to preserve the

23  defendant's overriding constitutional rights to the court's process without revealing his trial

24  strategy."  *Id*.  Accordingly, it held that "there is no reason to believe that 'public access plays a

25  significant positive role in the function of the particular process in question.'"  *Id*. (quoting

26  *Urlacher*, 136 F.R.D. at 556); *see also Jenkins*, 895 F. Supp. at 1397 ("[t]he secrecy of the pre-

27  issuance process [of Rule 17(c)] is not a burden on free access to the courts").

28           More recently, in *United States v. Kravetz*, 706 F.3d 47, 53 (1st Cir. 2013), the First Circuit

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    considered "[t]he scope of the public's presumptive right of access" to Rule 17(c) pretrial

2    subpoenas and related documents, observing that the issue appeared to be a matter of first

3    impression among the circuits.  In analyzing the existence of a First Amendment right to access,

4    the court applied the "experience" prong and found that "there is no tradition of access to criminal

5    discovery"; instead, "[d]iscovery, whether civil or criminal, is essentially a private process

6    because the litigants and the courts assume that the sole purpose of discovery is to assist trial

7    preparation." *Id*. at 54 (quotation omitted).  As to the "logic" prong, the court held that "there is

8    scant value and considerable danger in a rule that could result in requiring counsel for a criminal

9    defendant to prematurely expose trial strategy to public scrutiny."  *Id*.

10        The *Kravetz* court also examined whether a common law right of access applies to Rule

11   17(c) subpoenas.  It noted that the issue was whether the documents sought "constitute 'judicial

12   records,'" which are "those materials on which a court relies in determining the litigants'

13   substantive rights." *Id*. (quotations omitted).  The court found that "the district court's review and

14   disposition of [the defendant's] Rule 17(c) requests were not undertaken 'in order to dispose of

15   any issue as to the elements of the criminal charges against him'"; rather, the materials "relate[d]

16   merely to the judge's trial management role." *Id*. at 54-55 (quotation and citation omitted).

17   Accordingly, it concluded that "Rule 17(c) subpoenas and related materials thus are not those

18   relied on to determine the litigants' substantive rights." *Id*. at 55.  The court held that "no

19   presumptive right of public access, based either in the common law or the First Amendment,

20   attaches to the Rule 17(c) subpoenas or the related documents filed in connection with [an]

21   underlying criminal prosecution." *Id*. at 56.  Therefore, it held, "access may be obtained only

22   upon a showing of special need." *Id*.

23        This court finds the reasoning in *Tomison* and *Kravetz* persuasive and adopts it here.

24   Sleugh is not entitled to a presumption of access to Boyd's Rule 17(c) applications under either

25   the First Amendment or common law.  Nor has Sleugh established any special need that would

26   justify access to Boyd's ex parte applications.  Sleugh argues that "there exists the possibility that

27   Mr. Boyd made factual representations to the Court [in the Rule 17 affidavits] that he then

28   contradicted during trial testimony."  Sleugh contends that if this is the case, then he should have

had the opportunity to use the affidavits at trial to test the accuracy of Boyd's testimony. Mot. at 6. No such possibility exists here, as all of the Rule 17 applications were supported by affidavits by Boyd's counsel, and not Boyd himself.[4]

Sleugh's motion with respect to Boyd's Rule 17(c) applications is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Sleugh's administrative motion to disclose sealed materials to his appellate counsel is granted in part and denied in part. The motion is granted as to the documents the government filed under seal. Within seven days of the date of this order, Sleugh and the government shall file a joint statement identifying the specific docket entries corresponding to the government's under seal filings along with a proposed order unsealing those entries. Sleugh's motion is denied as to the following docket entries, but only as to Boyd's Rule 17(c) applications: Docket Nos. 17-30, 32-34, 36-37, 42-45, 57-60, and 79-82. The clerk is directed to unseal the corresponding orders and subpoenas themselves.

**IT IS SO ORDERED.**

Dated: December 29, 2016



_____
Donna M. Ryu
United States Magistrate Judge

_As Sleugh has not established his right to gain access to the sealed ex parte Rule 17 applications, the court need not reach Sleugh's arguments regarding the absence of attorney-client and work product protection for the information contained in the applications._

United States District Court
Northern District of California