# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**DAMION SLEUGH,**<br>Defendant**.** | CASE NO. 14-cr-00168-YGR-1<br><br>**ORDER RE: OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON ADMINISTRATIVE MOTION FOR DISCLOSURE OF SEALED MATERIALS TO APPELLATE COUNSEL**<br><br>Re: Dkt. No. 223, 225 |

Defendant-Appellant Damion Sleugh filed an administrative motion for an order authorizing the disclosure to his appellate counsel of all materials filed under seal in this case. (Dkt. No. 210.) The government did not oppose the disclosure of materials it filed under seal, but Shawndale Boyd, Sleugh's co-defendant, opposed the motion with respect to his ex parte applications for Federal Rule of Civil Procedure 17(c) subpoenas. Boyd did not oppose unsealing the court orders on his applications and the corresponding subpoenas. Thus, on December 29, 2016, the magistrate judge issued on order granting in part and denying in part Sleugh's administrative motion. Specifically, the magistrate judge denied Sleugh's motion for disclosure only with respect to the disclosure of Boyd's ex parte subpoena applications. (Dkt. No. 223.)

Now before the Court are Sleugh's objections to the magistrate judge's order. (Dkt. No. 225.) Specifically, Sleugh asks this Court to set aside the portion of the magistrate judge's order denying his motion for disclosure of Boyd's ex parte subpoena applications. Having carefully reviewed the magistrate judge's order and the objections thereto, the Court **OVERRULES** Sleugh's objections and **AFFIRMS** the magistrate judge's order at Docket Number 223.

**I.    BACKGROUND**

In 2014, Boyd and Sleugh were indicted on several counts in this district. (Dkt. No. 1.) Boyd pleaded guilty to four counts and the government dismissed the murder charge. (Dkt. No. 183.) Subsequently, Boyd testified at trial against Sleugh, and in July 2015, a jury found Sleugh

guilty of all counts, including use of a firearm during a drug trafficking crime causing murder. (Dkt. No. 146, 175.) Sleugh was sentenced to a total term of life plus 120 months. (Dkt. No. 175 at 2.)

Relevant to the instant objections, Boyd filed several subpoena applications pursuant to Rule 17(c). Under such rule, a party may subpoena a witness to produce "any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). The proponent of a Rule 17(c) subpoena must demonstrate relevancy, admissibility, and specificity. *See United States v. Nixon*, 418 U.S. 683, 700 (1974). As such, courts have recognized that criminal defendants may face a dilemma between revealing their defense to the government by supporting their Rule 17(c) applications or not acquiring necessary evidence for their case. *See United States v. Tomison*, 969 F. Supp. 587, 593–94 (E.D. Cal. 1997). Accordingly, courts have allowed defendants to file Rule 17(c) applications under seal. *Id.* (recognizing that the "need to preserve a defendant's constitutional right to obtain and use relevant evidence suggests that Rule 17(c) affords the defendant the right to pre-trial production in secrecy"). Here, the Court allowed Boyd to file such subpoena applications under seal.

On May 13, 2016, Sleugh filed a motion for disclosure of sealed materials to his appellate counsel, including, among others, Boyd's Rule 17(c) subpoena applications. (Dkt. No. 210.) On August 8, 2016, the Court referred such motion to Magistrate Judge Ryu. (Dkt. No. 218.) Magistrate Judge Ryu issued her order on December 29, 2016 (Dkt. No. 223), to which Sleugh filed objections on January 10, 2017 (Dkt. No. 225).

**II.   LEGAL STANDARD**

"A party has fourteen days from the date of service to object to a Magistrate Judge's nondispositive order." *United States v. Pacific Gas & Elec. Co.*, No. 14-CR-175-TEH, 2016 WL 3185008, at *2 (N.D. Cal. June 8, 2016). Federal Rule of Criminal Procedure 59(a) provides that when a party files objections to a magistrate judge's order on a nondispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." A party's failure to object waives the party's right to review. *Id.*; *see also Pacific Gas & Elec. Co.*, 2016 WL 3185008, at *2.

2

## III. DISCUSSION

Sleugh raises two objections to the magistrate judge's order denying him access to Boyd's Rule 17(c) subpoena applications, namely that he: (i) has a presumptive right to access such sealed materials; and (ii) has, nevertheless, demonstrated a special need to review such materials. The Court addresses each contention below.

### A. Presumptive Right to Access Sealed Materials

In ruling against Sleugh with regard to the Rule 17(c) subpoena applications, the magistrate judge found that no presumptive right of access to Rule 17(c) subpoena materials exists, under either the First Amendment or the common law, and, thus, Sleugh would need to demonstrate a special need to access such materials. Sleugh, on the other hand, contends that he has a presumptive right of access to such materials, and should thus be entitled to the materials unless a compelling need for closure of the same exists.

Sleugh does not persuade in this regard. The magistrate judge discussed the extant case law related to disclosure of sealed Rule 17(c) subpoena materials, and found that such authority does not support a presumptive right of access to the same. The Ninth Circuit has not yet addressed the issue specifically, and thus, the magistrate judge relied on the First Circuit's opinion in *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). There, the First Circuit explained that the "scope of the public's presumptive right of access to this category of documents appears to be a matter of first impression among the circuits." *Id.* at 53. The First Circuit then proceeded to hold that no such right of public access to such documents existed either under the First Amendment or the common law. *Id.* at 53–56. Thus, the First Circuit held that the disclosure of such documents "may be obtained only upon a showing of special need." *Id.* at 56 (citing *United States v. Corbitt*, 879 F.2d 224, 237–39 (7th Cir. 1989) and *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1175–76 (2d Cir. 1983)); *see also Tomison*, 969 F. Supp. at 595 (explaining that the "pre-trial production process" is not a "historically open proceeding" and thus there is no presumptive public right of access to the same).

3

The Court finds persuasive the reasoning in *Kravetz* and *Tomison*, and the magistrate judge's discussion of the same, and adopts it here. Thus, to obtain disclosure of the Rule 17(c) sealed materials, Sleugh must demonstrate a special need for the same.

### B. Special Need for Disclosure of Rule 17(c) Materials

Sleugh contends that a special need exists for his counsel to review the Rule 17(c) materials because Boyd may have made factual representations to the Court in his Rule 17 affidavits that he may have contradicted during trial testimony. Thus, Sleugh argues, such affidavits may be beneficial in undermining his conviction. The magistrate judge rejected such argument explaining that no such possibility exists here where the Rule 17 applications "were supported by Boyd's counsel, and not Boyd himself." (Dkt. No. 223 at 9.)

Sleugh contends that such a finding was erroneous because, although the applications were supported by affidavits from Boyd's counsel, such could still provide impeachment material. Specifically, Sleugh could have used counsel's statements as admissions or as extrinsic evidence with which to impeach Boyd's testimony. Thus, Sleugh argues, the magistrate judge could not have categorically found that there was no possibility that such affidavits could contain impeachment evidence. Sleugh further contends that the situation at hand is a far cry from that found in *Kravetz*, where the First Circuit held that the journalist's assertion of a generalized interest failed to satisfy the "special need" standard for obtaining disclosure of sealed documents. *Kravetz*, 706 F.3d at 56. Here, by contrast, the disclosure would be limited to review by Sleugh's counsel rather than the general public and for the specific purpose of preparing Sleugh's appeal.

Sleugh, however, does not persuade. Pursuant to Federal Rule of Criminal Procedure 59(a), the district judge "modify or set aside any part of the order that is *contrary to law* or *clearly erroneous*." Fed. R. Crim. P. 59(a) (emphases supplied). Courts have a broad range of discretion in determining whether a person has sufficiently demonstrated a "special need" for the disclosure of sealed materials. *Kravetz*, 706 F.3d at 56; *see also Charmer Indus., Inc.*, 711 F.2d at 1177 (holding that the court has a "fair measure of discretion in weighing the competing interests in order to determine whether or not the person seeking disclosure has shown that the ends of justice require disclosure"). The Court does not find that the magistrate judge's finding was clearly

4

erroneous or that she abused such discretion here. The magistrate judge was well within her discretion to find that Boyd's counsels' theories contained in the subpoena applications regarding what evidence may exist or could be discovered through the subpoenas have little to no bearing on Boyd's testimony at trial.

Accordingly, the Court finds no grounds upon which to disturb the magistrate judge's order and hereby **OVERRULES** Sleugh's objections to the same.

**IV. CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Sleugh's objections and **AFFIRMS** Magistrate Judge Ryu's order at Docket Number 223.

**IT IS SO ORDERED.**

Dated: July 7, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**