**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> DAMION SLEUGH, <br> Defendant. | CASE NO. 14-cr-00168-2-YGR <br><br> **ORDER TO SHOW CAUSE RE: MOTION TO AMEND MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** <br><br> Re: Dkt. No. 258. |

By way of background, on October 7, 2022, defendant Damion Sleugh filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 249). He subsequently requested two extensions of time in which to file a supporting memorandum of points and authorities, both of which the Court granted due to defendant's inability to access his prison's law library. The new deadline to file his memorandum pursuant to his second extension was almost a year later, on November 5, 2023. On November 16, 2023, having still received no memorandum from defendant and no further extension request, the Court dismissed the petition. (Dkt. No. 257). One week later, on November 24, 2023, defendant filed a motion for leave to amend the dismissed petition. (Dkt. No. 258.)

The most recent motion incorporates certain arguments from defendant's first filed petition, and raises another. First, he claims ineffective assistance of counsel, and argues his attorney should have objected to the following at trial: the expert testimony of linguistics expert Carlton Turner, the Court's alleged constructive amendment of the indictment, sentencing pursuant to counts 4 and 5 of the indictment, and the Court's Pinkerton jury instruction. Second, defendant raises a new claim of actual innocence.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA), motions brought under 28 U.S.C. section 2255 are subject to a 1-year period of limitations. Under 28 U.S.C. section 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant appears not to have filed the motion within the permissible one-year limitation period. "In assessing the finality of federal convictions, the Supreme Court has explained that '[f]inality attaches' once the Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Branham v. Montana,* 996 F.3d 959, 964 (9th Cir. 2021) (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)). In defendant's case, the Supreme Court denied his petition for certiorari on October 4, 2021, thereby initiating the one-year limitations period that ended on October 4, 2022. Defendants' successive motions are silent as to the reason for the delay in bringing his initial 2255 motion, as well as the delay in providing the Court his supporting memorandum despite two extensions of time in which to do so.

In rare circumstances, a limitations period may be equitably tolled when "external forces" account for a petitioner's failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The movant bears the burden of establishing that he is entitled to equitable tolling. *United States v. Simpson*, 2024 WL 1230122 at *2 (9th Cir. 2024). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must also show a "causal link" between the extraordinary circumstances and the untimeliness of the Section 2255 motion. *United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011).

Accordingly, defendant is **HEREBY ORDERED TO SHOW CAUSE** why the Motion should not be denied as time-barred. Defendant is **ORDERED** to respond by **Monday, December 2, 2024**

to the following:

    (1) explain why the one-year statute of limitations does not bar the Motion;

    (2) provide any explanation for his delay in filing the Motion beyond the one-year period after the judgment became final; and

    (3) demonstrate that such a delay is attributable to extraordinary circumstances.

Failure to respond to this Order by the above date will result in the Court denying the Motion as time barred.

    The government's response shall be due thirty days after filing. Any reply is also due thirty days after the government's filing.

    **IT IS SO ORDERED.**

Dated: October 7, 2024

                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**